## OREGON CO. v. ROE.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,727.

1. CARRIERS (§§ 320, 347*)—ACTION—QUESTIONS FOR JURY.

In an action by a woman to recover for an injury received by having her foot caught between an elevator and the side of the well in defendant's building, while she was waiting for or stepping into the elevator, the evidence *held* to justify the submission to the jury of the questions of defendant's negligence in maintaining the elevator in a defective condition and of plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. §§ 320, 347.*]

2. CARRIERS (§ 317*)—DEFECTIVE ELEVATOR—ACTIONS—EVIDENCE.

In an action to recover for a personal injury alleged to have been caused by the defective condition of a passenger elevator in defendant's building, which caused it to rise or fall suddenly and prevented its proper control by the operator, where there was evidence tending to show that such effect would follow leaking valves, and that the valves were found leaking immediately after the accident, evidence was admissible to show that sudden movements of the elevator, similar to that at the time of plaintiff's injury, had previously been observed by others.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1299; Dec. Dig. § 317.*]

3. NEGLIGENCE (§ 13*)—DEGREES OF NEGLIGENCE—INSTRUCTIONS.

An instruction as to the division of negligence into slight, ordinary, or gross cannot be usefully applied in trials of cases; their signification varying according to the circumstances, until there are so many real exceptions that the words can scarcely be said to have any real application.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 15; Dec. Dig. § 13.*]

In Error to the Circuit Court of the United States for the District of Oregon.

Action by Julia J. Roe against the Oregon Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dolph, Mallory, Simon & Gearin, for plaintiff in error.

James N. Davis and Frank W. Walden, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. Action at law by Julia J. Roe, plaintiff, against the Oregon Company, defendant, to recover damages for an injury to her foot, which was caught between the bottom of an hydraulic elevator and the seventh floor of the Marquam Building, in Portland, on April 28, 1908. The complaint sets forth that the defendant company was the owner of the Marquam Building, and of a certain passenger elevator therein, which had been negligently permitted to be out of repair and to remain in an unsafe and dangerous condition. The alleged fault with the elevator was that at times it would not stop and remain still for passengers to enter or leave it, but would move up and down without the operator's power of control. Plaintiff also alleged that:

"On said 28th day of April, 1908, the plaintiff, while going from the seventh floor of said building to the exit thereof, when the door of the said cage of said defective elevator was opened and the cage was in readiness, plaintiff was invited by the operator thereof to step into said cage. She stepped forward to enter it, and at the same time said cage, because of said defective condition, suddenly moved upward, and the plaintiff, without any fault or neglect on her part, was caught by the recoil or sudden dropping downward of said cage, and plaintiff was thrown down, and her foot was by said cage crushed, broken, and injured, and she was caused great pain and suffering, and her foot and leg were paralyzed and made lame by said injuries, all of which has damaged the plaintiff in the sum of twenty-five thousand ($25,000) dollars."

The defendant's answer denied all the material allegations of the complaint with respect to the injury and the way it occurred, and set up contributory negligence on the part of the plaintiff in the following manner:

"That while this defendant, by its agent and servant, was so operating its said elevator, and while the said elevator cage was being moved down to be on a level with the floor upon which the plaintiff was standing, the plaintiff carelessly and negligently stood so near the door of said elevator well that one of her feet projected over the floor and into said elevator well, so that when said elevator cage was moved down it caught plaintiff's foot between the elevator cage and the floor; that neither this defendant, nor any officer or agent of this defendant, had, up to the time plaintiff was injured, any notice or knowledge of plaintiff's peculiar position; and that the injury, whatever it was, that was received by the plaintiff, was by reason of her own carelessness and negligence in carelessly and negligently protruding her foot into the elevator well while the elevator cage was descending, and not on account of any carelessness or negligence of this defendant, its officers, agents, or servants."

From a verdict and judgment of $4,500 in favor of the plaintiff, the defendant prosecutes this writ of error.

One of the specifications of error relates to the refusal of the court to instruct the jury to return a verdict for the defendant, for the reason that upon the whole testimony it appeared that plaintiff was not entitled to recover. Two contentions are involved in this specification:

(1) That the evidence introduced to prove the culpable negligence of the defendant is insufficient to sustain the material allegations of the complaint; (2) that the evidence shows contributory negligence on the part of the plaintiff. There is no doubt that the testimony as printed in the record does not give the reader a very clear idea of exactly how the accident occurred; but this is due to the fact, noted in the record, that several of the important witnesses illustrated and explained their testimony by getting down from the witness box and going through the motions and positions which they were attempting to describe. These visual explanations and illustrations of the oral descriptions are, of course, not accessible to this court; but they doubtless helped to make things plain to the jury, and aided the lower court in its decision that the case was one for the consideration of the jury; and, after an attentive examination of the evidence, it is far from apparent to us that, as a matter of law, no recovery could be had upon any view which could properly be taken of the facts the evidence tended to establish.

There are two theories concerning the manner in which this plaintiff, Mrs. Roe, was injured. One, advanced by the defendant, is that leaking valves had nothing to do directly with the accident, but that in attempting to enter the elevator she stepped too far with her left foot, and was not observant of what she was doing, and that in approaching the elevator her left foot passed over the edge of the well, and the elevator, being up at the time, quickly descended and caught her foot. The court instructed the jury that, if it found such a state of facts to be the true account of the accident, then the plaintiff was guilty of contributory negligence, and could not recover. On the other side, the plaintiff's theory was that she had stepped into the elevator when the floor thereof was on a level with the floor of the building, and that she had stepped in with her right foot, and that, as she was attempting to make the final step with her left foot, the elevator, owing to defective or leaking valves, sprang up, and that her foot, instead of striking the floor of the elevator, struck beneath the floor, and was caught as the elevator dropped down. The exclusive duty of the jury was to determine from the evidence which of these versions was the correct one, and, by bringing in a verdict for the plaintiff, her theory must have been adopted; that is, if the jury obeyed the instructions of the court, and every presumption points to the conclusion that they did.

The defendant company contends, however, that the verdict is unsupported by credible evidence and is wholly unreasonable. But, inasmuch as plaintiff's evidence tended to sustain her theory, which was a very reasonable explanation of how she was hurt, and refutes the plea of contributory negligence, the verdict in her favor will not be disturbed.

There was evidence tending to establish the fact that immediately after the accident the valves of the elevator were found leaking, and that the effect thereof was to cause the cage to descend or to rise suddenly, and to place the cage beyond the full control of the operator; and there was evidence tending to show that generally the effect of leaking valves upon elevators, such as the one involved in this action, is to cause them to ascend or descend quickly, without full control of the

operator. Plaintiff was allowed to show that similar sudden movements of the elevator had been observed by others at various times in 1907 and 1908, prior to the date of plaintiff's injury. Defendant objected, and now argues that it was error to have admitted such evidence, because it did not appear that the elevator was in substantially the same condition at the date of the accident as it was in the winter of 1907 and 1908. Inasmuch as there was evidence to sustain the contention that the sudden movements of the elevator at the time of the accident were caused by defective valves, and inasmuch as prior like movements of the elevator were evidence of the prior existence of leaky valves, testimony tending to establish such prior movements was competent, in order to show knowledge of the defect on the part of the defendant. The point is not well taken.

Error is also assigned upon the refusal of the court to give the following instruction:

"Before the plaintiff in this action can recover, you must be satisfied that such injury as she may have received was received by her without any fault or negligence on her part; the rule of court in this state being that any negligence on the part of the plaintiff, however slight, directly contributing to the injury, is sufficient to bar the plaintiff's right of recovery."

The court gave the instruction as requested, but struck out the words "however slight." We find no error in the action of the court. In Steamboat New World v. King, 16 How. 469, 14 L. Ed. 1019, the Supreme Court expressed its doubt whether the terms "slight," "ordinary," and "gross," in reference to the division of negligence into three degrees, could be usefully applied in the trial of cases. "One degree," said Justice Curtis, "thus described, not only may be confounded with another, but it is quite impracticable to distinguish them. Their signification necessarily varies according to circumstances, to whose influences courts have been forced to yield, until there are so many real exceptions that the words can scarcely be said to have real application." This view was approved in the later case of Milwaukee, etc., R. R. Co. v. Arms et al., 91 U. S. 489, 23 L. Ed. 374, where the court expressed its disapprobation of attempts to fix the degrees of negligence by legal definitions. Thompson (volume 1, § 18, of his work on Negligence) discusses attempts to divide negligence into three classes, slight, ordinary, and gross, saying it cannot be done "by mathematical lines," and that such classifications indicate only that "under special circumstances, great care and caution are required or only ordinary care, or only slight care. If the care demanded is not exercised, the case is one of negligence." The instructions clearly explained the requisites of ordinary care by proper standards, and in applying the principles governing contributory negligence the court expressly laid it down as proper that plaintiff could not recover, if there was any negligence on her part directly contributing to the injury she received.

Our conclusion is that there was sufficient evidence to sustain the verdict, that no error was committed in the ruling upon the evidence, and that the charge to the jury guided them correctly as to the principles of law pertinent to the issues.

Judgment affirmed.